IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02207-LTB

LORRAINE S. CISNEROS,

    Plaintiff,

v.

SGT. MINJAREZ,
CAPT. FLIER,
C/M RUDE BACA,
LT. HIGH BANKS, and
THERAPEUTIC COMMUNITY PROGRAM,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

    Plaintiff, Lorraine S. Cisneros, filed **pro se** on October 7, 2011, a letter (ECF No. 7) asking the Court to reconsider the October 3, 2011, dismissal of her complaint and this action and to reopen the action. In addition, on October 12, 2011, Ms. Cisneros submitted a letter and a certified copy of her trust fund account statement (ECF No. 8), asking for legal advice as to whether there is a statute of limitations for refiling her case.

    The Court must construe liberally Ms. Cisneros's filings because she is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the October 3 letter will be construed liberally as a motion to reconsider and will be denied. The request in the October 12 letter for legal advice amounts to a request for an advisory opinion from this Court, and will be denied because the Court is prohibited

from giving Ms. Cisneros's legal advice.  *See, e.g.*, ***KCCP Trust v. City of North Kansas City***, 432 F.3d 897, 899 (10th Cir. 2005) ("Article III limits the federal courts to deciding 'Cases' and 'Controversies' and thus prohibits [federal courts] from issuing advisory opinions.").

A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991).  Ms. Cisneros filed the motion to reconsider within twenty-eight days after the order dismissing her complaint and this action.  Therefore, the Court finds that the motion to reconsider is filed pursuant to Rule 59(e).  *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are:  (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  ***See Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000).  Upon consideration of the motion to reconsider and the entire file, the Court concludes that Ms. Cisneros fails to demonstrate some reason why the Court should reconsider and vacate the order dismissing this action.  Because the dismissal was without prejudice, Ms. Cisneros may initiate a new action by obtaining the proper, Court-approved forms (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.

Accordingly, it is

ORDERED that the letter (ECF No. 7) that Plaintiff, Lorraine S. Cisneros, filed *pro se* on October 7, 2011, asking the Court to reconsider the October 3, 2011, dismissal of her complaint and this action, and which the Court construed liberally as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.  It is

FURTHER ORDERED that the letter that Ms. Cisneros filed *pro se* on October 12, 2011 (ECF No. 8) asking for legal advice is denied.

DATED at Denver, Colorado, this   3rd   day of   November  , 2011.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK
Senior Judge, United States District Court